

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. A. Miller
County Attorney
Newton County
Newton, Texas

Dear Sir:

Opinion No. O-3686
Re: Sheriffs - Board bills for
prisoners.

Your request for opinion upon the following stated question:

"Can the commissioners' court pay a board bill for the sheriff when he only arrests a prisoner and does not place him in jail?"

has been received and carefully considered by this Department.

The sheriff of Newton County, Texas, is compensated on a fee basis.

Article 1040, Vernon's Annotated Texas Code of Criminal Procedure, reads as follows:

"For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:

"1. For the safekeep of each prisoner for each day the sum of fifteen cents, not to exceed the sum of two hundred dollars per month.

"2. For support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall

Hon. A. A. Miller, page 2

be reasonably sufficient for such purpose, and in
no event shall it be less than forty cents per day
nor more than seventy-five cents per day for each
prisoner.  The net profits shall constitute fees
of office and shall be accounted for by the sheriff
in his annual report as other fees now provided by
law.  The sheriff shall in such report furnish an
itemized verified account of all expenditures made
by him for feeding and maintenance of prisoners,
accompanying such report with receipts and vouchers
in support of such items of expenditure, and the
difference between such expenditures and the amount
allowed by the commissioners court shall be deemed
to constitute the net profits for which said officer
shall account as fees of office.

"3.  For necessary medical bill and reasonable
extra compensation for attention to a prisoner during
sickness, such an amount as the commissioners court
of the county where the prisoner is confined may
determine to be just and proper.

"4.  For reasonable funeral expenses in case
of death."

The cases of Dallas County vs. Reynolds, 199 S. W. 702,
and Harris County vs. Hammond, 203 S. W. 451, hold that the
per diem allowance to the sheriff for the board and care of
prisoners is for each day the prisoner is in jail, regardless
of whether he remains in jail the whole of the day and that
if the prisoner is kept in jail for any substantial portion
of the day, the sheriff is entitled to the full per diem
allowance.  We quote from the case of Dallas County vs. Reynolds,
199 S. W. 703, as follows:

"It is contended by appellant that to con-
strue a 'day' as used in the statute to mean the
time from midnight to midnight would, in many cases,
work an injustice.  In reply it might justly be said
that in many ways it might work an injustice to the
sheriff to construe the statute as contended for by
appellant.

"It seems that in the instant case the county
auditor required that a record be kept of the
fractional part of the day, when only a part of a

day was consumed in keeping a prisoner, in some instances to the hour, allowing the sheriff only 1 2/3 cents per hour. By this method it might arise that if a prisoner was received in the morning, say at 7 o'clock, and discharged at 2 o'clock the same day, after two meals were given, and all the trouble engendered for receiving, keeping, and discharging him, the sheriff would only receive about 12 cents, which would in no respect begin to compensate him for his trouble in keeping, supporting, and maintaining him. When the contract was made for the pay of the sheriff for such services, there was nothing said about a division of a day's time, and our decisions holding that when a day is so expressed it is to be construed to mean the time elapsing between midnight and midnight, we will so construe it, especially so when the county commissioners had the opportunity to limit it in the contract with the sheriff and failed to do so."

You state in your letter that the defendant was arrested but not placed in jail. We assume from your letter that the defendant was released very soon after his arrest, was not placed "under guard" for any substantial length of time and was not served any meals by the sheriff.

Under the facts stated and assumed, it is our opinion that your question should be answered in the negative, and it is so answered.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:N

APPROVED JUN 23, 1941

ATTORNEY GENERAL OF TEXAS

Acting

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN